O’NIELL, Chief Justice
 

 (concurring in the result).
 

 Under the doctrine that a taxpayer’s right of action to enjoin an expenditure of public funds under authority of a statute' which the taxpayer considers unconstitutional is limited to funds to which the taxpayer contributes by his payment of taxes, I doubt that the plaintiff in this case discloses a right of action. A taxpayer should not have any more right to enjoin the expenditure of public funds to which he does not -contribute by the payment of taxes than a person who pays no taxes at all would have to enjoin the expenditure of public funds.
 

 However, since a majority of the members of the court have concluded that the plaintiff in this case has a right of action— and assuming therefore that he has the right of action — I concur in the opinion that the judgment rendered by this court in Graham v. Jones, 198 La. 507, 3 So.2d 761, annulling the constitutional amendment which was adopted pursuant to Act No. 384 of 1940, made it unavoidable for the court to annul also Acts Nos. 47 and 48 of 1940. I dissented from the decision in Graham v. Jones, on the ground that the court did not have authority to annul the constitutional amendment after it had become — by adoption by the electors — a part of the Constitution; and I adhere to that opinion now. But the annulment of the constitutional amendment, on which many of the provisions of Acts Nos. 47 and 48 of 1940 depended for their validity, is a fait accompli.. I predicted in my dissenting opinion in Graham v. Jones that a considerable part of the legislation enacted in the session of 1940 would be subject to annulment in consequence of the decision rendered in that case; and I see now that it would be so difficult — if not impossible— for the court to separate the constitutional provisions from the unconstitutional provisions in Acts Nos. 47 and 48 — and it w;ould be so utterly impossible for the court to be assured that the Legislature would
 
 *259
 
 have enacted the constitutional provisions independently of the provisions which we must declare now unconstitutional — that the acts should be declared entirely unconstitutional. The decision in this case comes *at an opportune time, for the Legislature has just commenced its biennial session.